# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

JAMES C. CLICK,

    Defendant.

:

Case No. 3:07CR021

:     Magistrate Judge Sharon L. Ovington

:

---

**DECISION AND ORDER DENYING MOTION TO DISMISS (DOC. # 7)**

---

This matter is before the Court upon motion of Defendant to dismiss (Doc. # 7) and the Government's Response (Doc. # 9).

Defendant first asserts that the Court is without jurisdiction because the alleged offense did not occur within Wright Patterson Air Force Base. Exactly where the alleged offense occurred is a question of fact to be resolved at trial. As such, Defendant's Motion to Dismiss on this basis is overruled without prejudice to renewal at trial.

Defendant next claims that his right to a speedy trial have been violated. The Speedy Trial Act is not applicable to Class B and C misdemeanors or infractions per 18 U.S.C. §3172(2). It does not require an information to be filed within seventy days of an arrest if the arrest is terminated by release rather than appearance, *United States v. Alfarano,* 706 F. 2d 739 (6th Cir. 1983). Counts One and Two of the Indictment are Class B or C misdemeanors. See 18 U.S.C. § 1382 (authorizing up to six months imprisonment); 18 U.S.C. § 3559(a)(7) (1994) (classifying a criminal offense with a maximum sentence of six months as a Class B misdemeanor). The speedy trial act does not apply to these charges.

The Speedy Trial Act does apply to Count Three of the Information. The statute provides that when a defendant pleads not guilty to "the commission of an offense," the trial must occur within seventy days from the date the information or indictment was filed, or from the date the defendant appeared before the court where the charge is pending, whichever is later. See 18 U.S.C. § 3161(c)(1). If the Act is violated, the charges will be dismissed on defendant's motion for failure to comply with this time table. See 18 U.S.C. § 3162(a)(2).

Defendant first appeared in Court on April 18, 2007. The speedy trial time was tolled for a period of thirty days due to the filing of the instant motion. 18 U.S.C.§ 3161(h)(1)(F) and (J).

The Government asserts that the speedy trial time must also be tolled pursuant to 18 U.S.C. § 3161 (h)(3)(A) due to the unavailability of an essential witness. 18 U.S.C. § 3161(h)(3)(B) provides that for purposes of Subsection (A) "...an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence..." The Officer who made the traffic stop herein was deployed to a classified location overseas and only returned on August 5, 2007. The Court agrees that this essential witness was unavailable and his presence could not be obtained by due diligence. As such, the time from May 24, 2007 until August 5, 2007, is tolled under the federal Speedy Trial Act.[1] See: *United States v Meyer* 803 F2d 246, (6th Cir. 1986), *cert denied* (1987) 480 US 936, 94 L Ed 2d 770, 107 S Ct 1580 (witness who had made extensive wedding and honeymoon plans and expended large sums of non-refundable money in connection with those plans was unavailable within meaning of Speedy Trial Act); *United States v Barragan*, 793 F2d 1255 (11th

---

[1] Defendant argues that the Ohio Speedy Trial Act and the Ohio Constitution are applicable herein. However, under the Assimilative Crimes Act, 18 U.S.C. § § 7&13, only the substantive law is assimilated. Because no state procedure applies, neither the Ohio Speedy Trial Act nor the Ohio Constitution apply. *United States v. Berry*, 866 F.2d 887 (6th Cir 1989).

Cir. 1986) (Government witnesses, Coast Guard sailors, who were on sea duty, were unavailable witnesses for purposes of 18 U.S.C. § 3161, and thus that period of time covered by their absence was excludable from the 70 day period of the speedy trial act).

Defendant does have a right to a speedy trial pursuant to the United States Constitution. The United States Supreme Court has developed a four-part balancing test to use in determining whether a defendant's right to a speedy trial has been violated: (1) the lenghth of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. *Barko v. Wingo*, 407 U.S. 514, 530-32, 92 S. Ct. 2182 (1972). The delay at issue herein is explained, in part, by the deployment of the arresting officer. Defendant has asserted only a generalized argument that he has been prejudice. There is no evidence that particular defense witnesses have become unavailable or certain other evidence has become unobtainable. On the present state of the record, the Court cannot find that Defendant's constitutional right to a speedy trial has been violated.

Finally, Defendant's arguments regarding the Information filed against him. Rule 7 of the Federal Rules of Criminal Procedure apply here. Rule 7(c)(3) requires the defendant to have been mislead or prejudiced for either an error or omission of the citation to constitute grounds for dismissal. Additionally, the Information may be amended at any time prior to the verdict unless it charges a different or additional offense. Any assertion of error in the charging document cannot be said to have mislead or prejudiced Defendant. Accordingly, dismissal on this basis is not warranted.

August 14, 2007                                       s/ Sharon L. Ovington  
                                                     Sharon L. Ovington  
                                              United States Magistrate Judge